# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**LAWAUN MONTEZ COLVIN**                                                **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 5:24-CV-P21-JHM**

**K.S.P.**                                                                  **DEFENDANT**

### MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

### I.

Plaintiff Lawaun Montez Colvin indicates that he is incarcerated as a convicted prisoner at Kentucky State Penitentiary (KSP). He sues KSP and three KSP officers in both their official and individual capacities – Harry Vinson, Jared Skinner, and Stephen Schefer.

Plaintiff alleges that he was placed on suicide watch at KSP from August 15, 2022, until September 1, 2022, because of his mental health issues. He states that while being placed in a new cell for suicide-watch on August 15, 2022, and while he was in handcuffs and leg restraints with two other KSP officers holding his arms, Defendant Schefer "dry stunned" him in his back. Plaintiff also alleges that while he was on suicide-watch he did not have a mattress, which exacerbated "his serious back problems, muscle spasms, and aches." Plaintiff also states that he was denied a shower during this period.

Plaintiff asserts that these allegations show that his constitutional rights were violated. As relief, he seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80, (1985). Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Dixon v. Clem*, 492 F.3d 665, 671 (6th Cir. 2007) (citing *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990)).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *See Panzica v. Corr. Corp. of Am.*, 559 F. App'x 461, 463 (6th Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 388, (2007)); *see also Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claims alleged in the complaint. *See Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones*, 549 U.S. at 215.

Here, Plaintiff knew of any injury from allegedly being tasered on August 15, 2022, the date the incident occurred, and also knew that he was being denied a shower and was suffering back pains and aches from sleeping on the floor during the period of time he was on suicide-watch, which ended on September 1, 2022. Thus, the one-year statute of limitations for the alleged excessive-force incident (tasering) expired on August 15, 2023, and the statute of limitations for the conditions-of-confinement claims (no shower or mattress) expired on September 1, 2023. Plaintiff's complaint was signed on January 29, 2024, approximately five months after the statute of limitations for his claims expired.

Thus, this action is time-barred and must be dismissed as frivolous, *see Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001), and for failure to state a claim upon which relief may be granted. *See, e.g., Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (citing *Jones*, 549 U.S. at 215).

### IV.

For the reasons set forth above, the Court will enter a separate Order dismissing this action.

Date: February 2, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.011